Battle, J.
The objection to the testimony of the witness, who was offered to prove the contents of the deed from the commissioners to Joseph Parsons, was well founded and ought to have been sustained. The deed may possibly have been, and probably was, among the records of the County Court, and was destroyed by the fire, which consumed the Court House. Such however was not distinctly and sufficiently proved, and as the presumption was, that the person, who was entitled to the deed, had it in his possession, he ought to have rebutted the presumption by proving that such was not the fact, which 'he was at liberty to have done by his own affidavit. In the case of Harper v. Hancock, 5 Ire. 124, the rule is so laid down, and the reasons, upon which it is founded, are fully stated.. Nor is this affected by the act of 1846, ch. 68 : for that only makes a registered copy of a deed evidence, without requiring the party, who is entitled to the original, to account for its non-production, but contains no provisions for proving the contents of the original deed by parol testimony. The charge of the court upon the question of damages was also erroneous. The proper measure in actions of this kind is the real value of the property destroyed, unless the trespass is committed wantonly or maliciously, when the jury may, if they think proper, give vindictive damages. Duncan v. Stalcup, 1 Dev. & Bat. Rep. 440. It may be that this was a proper case for such damages, but whether they should have been given or not, was a question which ought *240 to have been submitted with proper instructions to the jury-
The judgment of the Superior Court must be reversed and a new trial granted.
Per Curiam. Judgment reversed.